UNITES STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSE MARY MILES-RICHARDSON,

        Plaintiff,                      Case No. 09-11275

v.                                        District Judge Lawrence P. Zatkoff
                                             Magistrate Judge R. Steven Whalen

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

This is a Social Security Disability case brought under 42 U.S.C. § 405(g). Plaintiff is proceeding without counsel. Despite being given several extensions of time to file her motion for summary judgment, to date Plaintiff Rose Mary Miles-Richardson has not done so. For the reasons discussed below, I recommend that the Court *sua sponte* dismiss her complaint pursuant to Fed.R.Civ.P. 41(b), for failure to prosecute.

**I. FACTS**

On July 13, 2009, this Court entered a scheduling order setting a deadline of August 18, 2009, for Plaintiff's motion for summary judgment. She did not file a motion. On September 15, 2009, I ordered the Plaintiff to show cause why I should not recommend dismissal of her case for failure to file her motion for summary judgment. She responded to the show cause order on October 6, 2009, and requested additional time because of medical problems. On October 14, 2009, I entered an amended scheduling order, directing her to file her motion by November 25, 2009. She still did not file a motion.

-1-

On December 22, 2009, I entered a Final Scheduling Order, specifically stating that I would "give Ms. Miles-Richardson one more chance," and directing that she file her motion by January 11, 2010 [Docket #17]. In recognition of the fact that she was without counsel, I stated that her motion for summary judgment need not be in standard legal form:

> "Because Ms. Miles-Richardson does not have an attorney, her Motion for Summary Judgment does not have to be in standard legal form. She may, if she wishes, write a statement in narrative form, explaining what errors the Administrative Law Judge and/or the Appeals Council made in denying her benefits, and why she believes she is entitled to benefits."

I also warned the Plaintiff of the consequences of not filing a timely motion:

> "No further extension will be granted. Ms. Miles-Richardson's failure to file her Motion for Summary Judgment on or before January 11, 2010 will result in a Report and Recommendation to dismiss her case for failure to prosecute."

To date, Plaintiff has not filed her motion for summary judgment.

## II. LEGAL PRINCIPLES

Fed.R.Civ.P. 41(b) provides:

> "**(b) Involuntary Dismissal: Effect Thereof.** For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits."

Rule 41(b) also permits the Court to dismiss a case *sua sponte* for failure to prosecute. *Rogers v. City of Warren*, 302 F. App'x 371, 375 and n. 5 (citing *Link v. Wabash R.R.,* 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)); *Johnson v. Cleveland Heights / Univ. Hts. Bd. of Ed.,* 66 F.3d 326, 1995 WL 527365, *2 (Table) (6th Cir.1995) (noting that after plaintiff failed to respond to January 8, 2003 summary judgment motion and requested an extension of his response time after the district court

expressly warned that it would not grant further extensions, 'on June 7, 1993, the district court dismissed Johnson's case with prejudice, *sua sponte,* for failure to prosecute and failure to respect the court's orders regarding further extensions of time.').

In exercising discretion to dismiss for failure to prosecute under Rule 41(b), the court considers four factors: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Wu v. T.W. Wang, Inc.,* 420 F.3d 641, 643 (6th Cir.2005) (citing *Knoll v. American Tel. & Tel. Co.,* 176 F.3d 359, 363 (6th Cir.1999)). *See also Mulbah v. Detroit Board of Education,* 261 F.3d 586, 589 (6th Cir.2001).

In the case of a *pro se* litigant, "the Court must take into consideration the difficulties an individual faces in bringing forward their case without the benefit of legal representation." *Bunting v. Hansen,* 2007 WL 1582236, *2 (E.D.Mich.2007). Nonetheless, because defendants are entitled "to a fair and timely resolution of the litigation . . . *pro se* litigants are not to be accorded any special consideration when they fail to adhere to readily-comprehended court deadlines." *Id*.; *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir.1991). Fed. R. Civ. P. 41(b) permits the Court to dismiss a case *sua sponte* under its inherent power: "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R. Co.* 370 U.S. 626, 629-630, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962); *see also Knoll v. American Telephone & Telegraph Co.,* 176 F.3d 359, 363

## III. DISCUSSION

As to the first factor, Plaintiff has failed to comply with any of this Court's scheduling orders, including the December 22, 2009 "last chance" order, which not only extended the time, but gave her leeway to submit a narrative statement in lieu of a formal brief. This looks very much like willfulness, bad faith or fault. Under Rule 41(b), "dismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules." *United States ex rel. Jimenez v. Health Net, Inc.,* 400 F.3d 853, 855 (10th Cir.2005) (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.,* 427 U.S. 639, 642-43, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976)).

As to the second factor, this case has lingered since the complaint was filed almost a year ago. Although this factor would not by itself be dispositive, the resultant delay is prejudicial to the Defendant.

As to the third factor, the Plaintiff was clearly warned in the show cause order of September 15, 2009 and the Final Scheduling Order of December 22, 2009 that dismissal was in the cards if she did not file her motion. And as to the fourth factor, because it is apparent that the Plaintiff has abandoned this case, it would be futile to impose lesser sanctions. This case should be dismissed.

## IV. CONCLUSION

For these reasons, I recommend that Plaintiff's complaint be DISMISSED pursuant to Fed.R.Civ.P. 41(b), for failure to prosecute.

(14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435

(1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen<br>
R. STEVEN WHALEN<br>
UNITED STATES MAGISTRATE JUDGE

Dated: March 31, 2010

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on March 31, 2010.

s/Susan Jefferson<br>
Case Manager